**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ADDISON ORR,

                Plaintiff

    v.

STATE OF NEVADA,

                Defendant.

Case No. 2:20-cv-00424-APG-VCF

**ORDER**

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner.  On March 24, 2020, Magistrate Judge Ferenbach ordered plaintiff Addison Orr to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400 by May 26, 2020.  ECF No. 5 at 1.  The May 26, 2020 deadline has now expired and Orr  has not filed an application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded to the order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court

1   apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming

2   dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424

3   (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local

4   rules).

5        In determining whether to dismiss an action for lack of prosecution, failure to obey a

6   court order, or failure to comply with local rules, I must consider several factors: (1) the public's

7   interest in expeditious resolution of litigation; (2) the need to manage my docket; (3) the risk of

8   prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

9   and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*,

10  779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at

11  53.

12       Here, the first two factors (the public's interest in expeditiously resolving this litigation

13  and my interest in managing the docket) weigh in favor of dismissal.  The third factor (risk of

14  prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury

15  arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or

16  prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

17  factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the

18  factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that the

19  failure to obey the court's order will result in dismissal satisfies the "consideration of

20  alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*,

21  779 F.2d at 1424.  Judge Ferenbach's order expressly stated: "IT IS FURTHER ORDERED that

22  if Plaintiff does not timely comply with this order, dismissal of this action may result." ECF No.

23

5 at 2.  Thus, Orr had adequate warning that dismissal would result from his noncompliance with Judge Ferenbach's order.

I THEREFORE ORDER that this action is dismissed without prejudice based on plaintiff Addison Orr's failure to file an application to proceed *in forma pauperis* or pay the full filing fee in compliance with this court's order dated March 24, 2020.

I FURTHER ORDER the Clerk of Court to close the case and enter judgment accordingly.

Dated: June 2, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE